## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BENJAMIN MEE,

        Plaintiff,

    v.

FORD MOTOR COMPANY,

        Defendant.

Civil Action No. 2:26-cv-10199
Hon. _____

**(Removed From the Third Judicial Circuit of Michigan, Wayne County, Case 25-013731-CD)**

## FORD MOTOR COMPANY'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN:

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441 *et seq*., respectfully removes the above-captioned state-court matter from the Third Judicial Circuit for the County of Wayne, Michigan, to this Court.

## I. INTRODUCTION

1. On September 4, 2025, Plaintiff Benjamin Mee commenced this action in the Third Judicial Circuit for the County of Wayne, Michigan, under the caption *Benjamin Mee v. Ford Motor Company*, No. 25-013731-CD, (hereinafter "the State Court Action.")

2. Ford accepted electronic service on September 18, 2025 and answered the complaint on December 19, 2025.

3. In his initial Complaint, Plaintiff alleged that he faced discrimination in the form of disparate treatment and a hostile work environment based on his age and sexual orientation, as

1

well as retaliation for protected activity, in violation of the Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2101, *et seq.  Mee v. Ford Motor Company*, No. 25-013731-CD, Compl. ¶¶ 29–46.

4.      Plaintiff's initial Complaint did not include any causes of action arising under federal laws.

5.      On December 30, 2025, Plaintiff filed a First Amended Complaint restating the same factual allegations as in his original Complaint, but adding causes of action pursuant to federal law, namely Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, *et seq.  Mee v. Ford Motor Company*, No. 25-013731-CD**,** FAC at ¶¶ 63–90.

6.      As of this date, Defendant has not answered or pleaded in response to the FAC in the State Court Action.

7.      A copy of all process, pleadings, and orders filed to-date in the State Court Action is attached hereto as **Exhibit A.**

## II.      BASIS FOR REMOVAL

8.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.  That statute vests this Court with jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*  "A complaint arises under federal law if it ... states a federal cause of action." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010).  The newly-added counts in Plaintiff's First Amended Complaint filed on December 30, 2025 are: Counts IV (disparate treatment), V (hostile work environment), and VI (retaliation) of the FAC raise alleged violations under Title VII of the Civil Rights Act, *see* FAC ¶¶ 63–90. The inclusion of those claims renders this action removable under 28 U.S.C. § 1441(a) based on federal question jurisdiction.

9.     Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Here, Plaintiff's three state law claims—retaliation (Count I), disparate treatment (Count II), and hostile work environment (Count III)—are so related to the federal retaliation, disparate treatment, and hostile work environment claims that they form part of the same case or controversy. Accordingly, supplemental jurisdiction over the state law claims is appropriate.

10.     Plaintiff's federal and state law claims arise out of the same alleged conduct; specifically, he alleges that two coworkers used homophobic language towards him, FAC ¶¶ 8, 12, that Defendant retaliated against him for filing related internal complaints, *id.* ¶¶ 33, 86, and that he was disciplined more harshly than a younger, straight coworker who allegedly used a slur, *id.* ¶ 24. His state law claims therefore "form part of the same case or controversy" as his federal ones, *id.*, because they "revolve around a central fact pattern," shared by the federal claims, *Obeid v. Meridian Automotive Systems*, 296 F. Supp. 2d 751, 753 (E.D. Mich. 2003) (denying motion to remand Michigan Workers' Disability Compensation Act and Michigan Persons with Disabilities Civil Rights Act claims that were factually related to FMLA claim) (quoting *White v. Cnty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993); *see also Monticciolo v. Fox*, No. 11-15253, 2012 WL 395743, at *2 (E.D. Mich. Feb. 7, 2012) (finding remand "not warranted" where the complaint "contains a Title VII claim over which the Court has original jurisdiction."); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1312 (E.D. Mich. 1994) (finding removal proper where "all ... counts arise out of a single incident" and the "complaint sets forth ... 'common allegations,' which are expressly incorporated and re-alleged in each of [Plaintiff's] counts.").

3

11.     None of the circumstances under which the Court may decline to exercise supplemental jurisdiction are present here.  *See* 28 U.S.C. § 1367(c).  Plaintiff's state law claims do not "raise[] a novel or complex issue of State law," they do not "substantially predominate[] over" Plaintiff's federal claim, nor are there "exceptional circumstances" providing "compelling reasons for declining jurisdiction."  *Id.*  Accordingly, this Court should exercise its supplemental jurisdiction over Plaintiff's state law claims.

### III.     TIMELINESS

12.     This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(3), which allows for removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Plaintiff filed and Defendant was served with Plaintiff's First Amended Complaint on December 30, 2025.  *See* Ex. A.  Because Plaintiff's First Amended Complaint is the first filing from which it could be ascertained that the case has become removable, Defendant's removal—within 30 days of service of the amended complaint— is timely.

### IV.     PROCEDURAL REQUIREMENTS

13.     In accordance with 28 U.S.C. § 1446(a), copies of the Complaint, First Amended Complaint, Ford's answer to the initial complaint, and all other process, pleadings, and other papers served on Ford in the state-court action are attached to this Notice as **Exhibit A**.

14.     Venue is proper in this Court and Division under 28 U.S.C. § 1441(a) because Plaintiff's state-court action is pending in the Third Judicial Circuit for the County of Wayne, Michigan, which is located in this district and division.  *See* 28 U.S.C. § 102(a)(1).

15.     Written notice of the filing of this Notice of Removal will be served promptly on Plaintiff, pursuant to the requirements of 28 U.S.C. § 1446(d).  Also, in accordance with § 1446(d), a copy of this Notice of Removal will be filed promptly with the clerk for the Third Judicial Circuit for the County of Wayne, State of Michigan.  A copy of the Wayne County Court notice of removal that will be filed is attached as **Exhibit B.**

16.     WHEREFORE Ford respectfully removes this action from the Third Judicial Circuit for the County of Wayne, Michigan, to this Court.

Dated: January 20, 2026

Respectfully submitted,

*/s/ Katherine V.A. Smith*
Katherine V.A. Smith (P87405)
GIBSON, DUNN & CRUTCHER LLP
*Attorney for Defendant*
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-6107
ksmith@gibsondunn.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, and I hereby certify that I have caused to be served via electronic mail the foregoing document to the following non-ECF participants:

Hannah R. Fielstra
645 Griswold St.
Suite 4100
Detroit, MI 48226
Phone: (313) 965-5555
hannah@ernstlawplc.com

*Attorney for Benjamin Mee*

/s/ *Katherine V.A. Smith*
Katherine V.A. Smith
Attorney for Ford Motor Company